(Hamilton County Court of Common Pleas.)

VESTER *v.* THE STATE OF OHIO—BURT HORSLEY *v.* THE STATE OF OHIO.

*Adulterated wine—Prosecution—Affidavit must allege that wine was sold as a beverage.*

(Decided January, 1895.)

Heard on error to the judgment of a magistrate.

WILSON, J.

The only question that I will pass upon in these cases is a point that bears upon the sufficiency of the affidavits, for that point disposed of, it will be unnecessary to pass upon any other point in the case.

The affidavits, which are substantially alike, charge that the defendant, in this county and state, sold to Mr. Luebbing one pint of a certain beverage, to-wit: grape juice then and there, etc. Now, the statute under which these affidavits were issued is a statute in reference to the sale of adulterated wines, or liquors called wines, and made out of the juice of undried fruit. The statute makes it an offense—after describing the different liquors and what the adulteration shall consist of—makes it an offense for any person to manufacture those articles with intent to sell them, or to sell or offer them for sale.

Now, it is evident that the object of the statute is to prevent the sale of such articles for use as beverages. The first section of the act, in speaking of such articles, refers to them as articles in the nature of articles for use as beverages; as articles having such use; as intended to be used for beverages; also as wine and other beverages.

The object of the statute is to prevent any one from manufacturing, or having in his possession with intent to sell, or selling them to be used as beverages. The sale of an article of that kind, unless intended to be used as a beverage, is not a violation of law. Suppose, for instance, a man was making a collection of the different preparations of grape juice, and, having found a bottle of it in a drug store, he should buy it for the purpose of keeping it as a sample in his collection, the druggist selling it would not be guilty of any violation of law. It is only when he sells such article to be used as a beverage that he violates the statute. It is necessary, in order to convict under this act, to prove that the article was sold for use as a beverage. There is no allegation that it was sold for that purpose. It is stated that the article sold was a beverage, but that is not sufficient. The article may have been sold for other purposes, and not to be used as a beverage.

Inasmuch as it is necessary to prove that the article was sold to be used as a beverage, it is necessary to allege that fact in the affidavit, and the affidavits in these cases, not alleging that fact, are defective, and the conviction mus be reversed.

*Outcalt, Granger & Hunt*, for plaintiffs in error.

*Dye & Dye*, for the State.